IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **PELLETIER MANAGEMENT AND CONSULTING, LLC,** § § § | |
| *Plaintiff*, § § | |
| v. § § | Civil Action No. 3:20-cv-03296 |
| **INTERBANK AND REAL ESTATE HOLDINGS, LLC, FOR THE BENEFIT OF ITS SERIES B** § § § § § | |
| *Defendant.* § | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR EXPEDITED, LIMITED JURISDICTIONAL DISCOVERY AND TO STAY ALL OTHER MOTIONS PENDING MOTION TO REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Civil Procedure 26(d), Plaintiff Pelletier Management and Consulting, LLC ("Plaintiff" or "PMC") files this memorandum of law in support of its Motion for Expedited, Limited Jurisdictional Discovery and to Stay All Other Motions Pending Motion to Remand (the "Motion") in the above-captioned and numbered action, and would respectfully show the Court as follows:

**I.
SUMMARY OF ARGUMENT**

Plaintiff files this Motion in an abundance of caution, to confirm whether Defendants properly removed this case to this Court. Specifically, publicly available information suggests that Defendant InterBank may be a citizen of Oklahoma, and also Texas, where InterBank appears to have its principal place of business. To the extent InterBank is a Texas citizen, removal of this lawsuit is improper under the "forum-defendant rule" set forth in 28 U.S.C. § 1441(b)(2). Accordingly, prior to filing a motion

1

to remand this lawsuit, Plaintiff respectfully files this Motion to seek limited expedited jurisdictional discovery to confirm whether InterBank is a Texas citizen. If InterBank is a Texas citizen, then removal of this lawsuit is improper. *See id*.

## II.
### FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff originally filed this action on October 2, 2020, styled *Pelletier Management and Consulting, LLC v. InterBank and Real Estate Holdings, LLC*, cause No. DC-20-14485 in the 192nd District Court of Dallas County, Texas (the "State Court Lawsuit").

2. On October 7, 2020, Defendants InterBank Corp. ("InterBank") and Real Estate Holdings, LLC, for the benefit of its Series B ("REH") (collectively, "Defendants") were served with a copy of the State Court Lawsuit and Citation.

3. On October 30, 2020, after properly being served and joined in the State Court Lawsuit, Defendants removed to this Court on the basis of federal diversity jurisdiction, 28 U.S.C. § 1332(a). *See* Dkt. No. 1.

4. Shortly after removal, on November 4, 2020, each Defendant filed a Motion to Dismiss Pursuant to 12(b)(6), or in the Alternative, Motion for More Definite Statement Pursuant to Rule 12(e). *See* Dkt. Nos 7, 9.

5. In their Notice of Removal, Defendants state they are citizens of Oklahoma, while Plaintiff is a California citizen for federal diversity jurisdiction. *See* Dkt No. 1 at ¶ 10.

6. Defendant InterBank claims that Oklahoma is both its state of incorporation and the state where its principal place of business is located. *See* Dkt. No. 1 at ¶ 8.

7.      Defendant REH alleges that it is an Oklahoma limited liability company with Defendant InterBank as its sole member. *See* Dkt. No. 1 at ¶ 9. Because REH is a limited liability company and is deemed a citizen of every state in which its members are citizen, Defendant REH alleges that it is also only an Oklahoma citizen. *Id.*

8.      In addition to having a presence in Oklahoma, publicly available information suggests that InterBank conducts business in Texas as well. Based on publicly available information, many members of InterBank's executive management team appear to reside in Texas and work in Texas. Further, InterBank operates a majority of its 44 banking offices in Texas. *See* Declaration of Joshua M. Sandler at ¶ 4-5, attached hereto as Exhibit "A."

9.      In this context, upon information and reasonable belief, Defendant InterBank may be a citizen of both Texas and Oklahoma. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"). Further, because REH is a limited liability company, Defendant REH with Defendant InterBank as its sole member, REH shares the citizenship of InterBank, and may also be a Texas citizen.

### III.
### ARGUMENTS AND AUTHORITIES

**A.      Applicable law**

When removal from state court to federal court is predicated solely on the basis of diversity jurisdiction, removal is improper "if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action was brought." 28 U.S.C. 1441(b)(2); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

Defendants, as the parties removing to federal court, bear the burden to show that removal is proper. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it. When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof."); *Howery*, 243 F.3d at 916; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). When jurisdiction is challenged, a conclusory allegation of citizenship is insufficient to prove citizenship. *See Guerrero v. State Farm Mut. Auto. Ins. Co.*, 181 F.3d 97, 97 (5th Cir. 1999); *B2-USA, Inc. v. Unirisx Mgmt. Corp.*, 4:11-CV-00665, 2011 WL 7040087, at *4 (E.D. Tex. Dec. 21, 2011) ("When citizenship is disputed, allegations of a party's citizenship are insufficient on their own to prove diversity; evidence must be supplied by the party claiming diversity or else the district court may remand for want of jurisdiction.").

"[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002) (noting that any questions or ambiguities "should be strictly construed in favor of remand").

**B.     Defendants have not met their burden to show removal is proper**

The Notice of Removal fails to show that removal to this Court is proper. Defendants contend that they are each a citizen solely of Oklahoma. *See* Dkt. No. 1. Defendant InterBank asserts that Oklahoma is both its state of incorporation and state where its principal place of business is located. *Id.* at ¶ 8; *see* 28 U.S.C. 1332(c). Defendant REH contends that Defendant InterBank is its sole member, and thus, also a citizen of only Oklahoma. *Id.* at ¶ 9; *see Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019) ("The citizenship of an LLC is determined by the citizenship of each

4

of its members."); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

However, Defendants offer absolutely nothing in support of the foregoing contentions. The Notice of Removal provides no facts, evidence, or affidavits to support the allegations that InterBank is incorporated in Oklahoma, or that Oklahoma is the state where its principal place of business is situated. Similarly, no facts, evidence, or affidavits are offered in support of Defendants' claim that InterBank is the sole member of Defendant REH. Defendants' Notice of Removal simply recites the legal standard for determining the citizenship of a corporation and of a limited liability company but provides precisely nothing to satisfy their burden to show that their citizenship is limited to Oklahoma.

Accordingly, Defendants failed to meet their burden to show that they are not citizens of Texas and precluded from removing to this Court under the forum-defendant rule of 28 U.S.C. § 1441(b)(2).

### C. Plaintiff has a reasonable, good-faith basis for believing Defendants are citizens of Texas

A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is deemed to be its "nerve center"—where a "corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (noting the nerve center is not simply the location of a boardroom or meeting place where the officers and directors occasionally gather); *Jing Gao v. Blue Ridge Landfill TX, L.P.*, 783 Fed. Appx. 409, 410 (5th Cir. 2019). Thus, the nerve center of a corporation can be the state where the officers who direct, control, and coordinate the corporation's activities reside. *Hertz Corp.*, 559 U.S. at 92; *Tour Strategy LLC v. Star-*

5

*Telegram, Inc.*, 4:18-CV-074-A, 2018 WL 1796555, at *2 (N.D. Tex. Apr. 16, 2018) (noting the nerve center is where the officers who retain the ultimate control and authority and/or coordinate the big-picture activities are located). Upon information and reasonable belief, under this standard, Texas may be the principal place of Defendant InterBank's business.

The following publicly available information reasonably suggests that InterBank may have a principal place of business in Texas:

- InterBank operations 25 of its 44 of offices in Texas.
- The Chief Executive Officer at InterBank appears to reside in Texas.
- The President and Chief Operating Officer at InterBank appears to reside in Texas.
- The General Counsel at InterBank appears to reside in Texas.
- Several InterBank Vice Presidents appear to reside in Texas.[1]

Additionally, as described on its own website, InterBank came into existence through the formation and expansion of Olney Bancshares of Texas, Inc., a Texas banking corporation ("Olney Bancshares"). Formed in the 1980s, Olney Bancshares acquired numerous banks throughout the Texas panhandle. In 2005, Olney Bancshares began banking operations in Oklahoma. In 2010, Olney Bancshares merged its existing charters to form Defendant InterBank. Presently, a majority of InterBank's branches are located in Texas.[2] Defendant InterBank's formation, long history in Texas only, and its present majority presence in Texas indicate that its regular and ongoing corporate activities are directed from within Texas. Additionally, several corporate officers and directors—the decision makers who direct, control, and coordinate InterBank regular business

---

[1] *See* Declaration of Joshua M. Sandler at ¶ 5.
[2] *See id.* at ¶ 4.

activities—reside in Texas.[3]

Thus, to the extent that Defendant InterBank's principal place of business is located in Texas, then: (1) Defendants InterBank and REH are both citizens of Texas, and (2) removal to this Court is barred under the forum-defendant rule. *See* 28 U.S.C. § 1441(b)(2); *Bank of New York Mellon v. Grewal*, 3:18-CV-3032-L, 2019 WL 1515234, at *5 (N.D. Tex. Apr. 8, 2019). Any doubts regarding whether removal is proper must be resolved in favor of Plaintiff. *See Gasch*, 491 F.3d at 281–82; *Manguno*, 276 F.3d at 723.

### D. Plaintiff requests limited expedited jurisdictional discovery to determine whether removal is improper, and whether a Motion for Remand is warranted

"A district court has 'discretionary power to stay proceedings before it in the control of its docket and in the interests of justice[.]'" *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995) (quoting *McKnight v. Blanchard*, 667 F.3d 477, 479 (5th Cir. 1982). This inherent power to control the course of litigation includes the authority to control the scope and pace of discovery. *In re Ramu Corp.*, 903 F.3d 312, 318 (5th Cir. 1990).

For the above reasons, Plaintiff requests authorization to serve five (5) narrowly tailored interrogatories limited to determining whether Defendant InterBank's principal place of business is Texas. Good cause exists for the requested discovery for three reasons. ***First***, Defendants filed Motions to Dismiss Pursuant to Rule 12(b)(6), or in the Alternative, Motions for More Definite Statements Pursuant to Rule 12(e). *See* Dkt. Nos. 7, 9. Plaintiff's responses to these motions are currently due on November 25, 2020. *See* L.R. 7.1(e). Unless and until the Court can determine whether removal was improper and the case should be remanded, further litigation is detrimental to both the Court and the

---

[3] *See id.*

parties. The parties will unnecessarily incur expenses and needlessly tax the Court's limited resources.

**Second**, discovery is needed due to the lack of sufficient publicly available information to adequately support a motion for remand. Further, the prohibition on removal may be waived by failing to timely file a motion for remand. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 394 (5th Cir. 2009). Plaintiff's deadline to move for remand will arrive well before the start of general discovery.

**Third**, neither party will be prejudiced or unduly burdened by limited discovery to determine whether this Court of the state court is the proper forum.

In the interest of justice, and to preserve judicial economy, Plaintiff respectfully requests that all other matters in this litigation be stayed pending the Court's ruling on this Motion. Specifically, disposition of this Motion will confirm whether removal of this lawsuit was proper, and moreover, whether the Court must remand this case.

## IV.
### CONCLUSION AND PRAYER FOR RELIEF

Based on the foregoing, Plaintiff Pelletier Management and Consulting, LLC respectfully requests that the Court grant its Motion for Expedited, Limited Jurisdictional Discovery and to Stay All Other Matters Pending Motion to Remand, and that Plaintiff be permitted to conduct, within ten (10) days, the limited expedited jurisdictional discovery requested herein, namely serve five (5) Interrogatories limited to determining whether Defendant InterBank's principal place of business is Texas. Plaintiff respectfully requests all further and other relief at law and at equity consistent with this disposition.

        Respectfully submitted,

        */s/ Daniel C. Polese*
Joshua M. Sandler
Texas Bar No. 24053680
jsandler@lynnllp.com
Chisara Ezie-Boncoeur
Texas State Bar No. 24103714
cezie-boncoeur@lynnllp.com
Daniel C. Polese
Texas Bar No. 24102364
dpolese@1ynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

**ATTORNEYS FOR PLAINTIFF PELLETIER MANAGEMENT AND CONSULTING, LLC**

### CERTIFICATE OF SERVICE

On November 16, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the ECF System of the court and certify that I have served via the Court's ECF System on all counsel of record or otherwise in compliance with Federal Rule of Civil Procedure 5(b)(2).

        */s/Daniel C. Polese*
Daniel C. Polese

### CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Defendants on November 12, 2020, who stated that Defendants are opposed to the expedited, limited jurisdictional discovery and the limited stay sought by this Motion. Accordingly, the matter is submitted to the Court for resolution.

        */s/Daniel C. Polese*
Daniel C. Polese