UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PELLETIER MANAGEMENT AND CONSULTING, LLC, § § § *Plaintiff*, § § v. § § INTERBANK, et al., § § *Defendants*. § § § § | Civil Action No. 3:20-CV-03296-X |

## **MEMORANDUM OPINION AND ORDER**

This case arises out of the defendants' alleged failure to offer permanent financing to the plaintiff, Pelletier Management and Consulting, LLC (Pelletier). The defendants moved to dismiss. [Doc. Nos. 7, 9]. In June 2020, a court in DeWitt County appointed Seth Kretzer as receiver over Gaetan Pelletier, the individual who created Pelletier. Kretzer was then authorized by "his appointing state district judge to file a motion for non-suit," which he did in March 2021.[1] [Doc. No. 33]. But this Court was concerned that venue was improper in the Northern District of Texas, Dallas Division. And the parties agreed: "[Pelletier] and [the] Defendants are in agreement that there is no basis for Dallas County venue in this lawsuit . . . ."[2] Because the Northern District of Texas, Dallas Division is not the proper venue, the Court **TRANSFERS** this case to the United States District Court for the Southern District of Texas, Victoria Division.

---

[1] Doc. No. 33 at 3.

[2] Doc. No. 40 at 1.

I. Legal Standard

Title 28, Section 1404 of the United States Code authorizes a district court to *sua sponte* "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice[.]"[3] This statute codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system[.]"[4] "In cases where there is no forum-selection clause, district courts 'must evaluate both the convenience of the parties and various public-interest considerations.'"[5] District courts analyze Section 1404(a) transfers with private- and public-interest factors:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." The Court must also give some weight to the plaintiffs' choice of forum.[6]

---

[3] 28 U.S.C. § 1404(a); *see also Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*." (citing *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988))).

[4] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013).

[5] *DSA Promotions, LLC v. Vonage Am., Inc.*, 2018 WL 1071278, at *2 (N.D. Tex. Feb. 27, 2018) (Fitzwater, J.) (quoting *Atl. Marine*, 571 U.S. at 62).

[6] *Atl. Marine*, 571 U.S. at 62, n. 6 (cleaned up).

"Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."[7]

## II. Analysis

The Court believes that the private- and public-interest factors weigh in favor or transferring this case to the United States District Court for the Southern District of Texas, Victoria Division.  Because the parties' both agree that venue is improper in Dallas, and the events underlying the case took place in DeWitt County, the private- and public-interest factors weigh in favor of a transfer.

## III. Conclusion

For these reasons, the Court **TRANSFERS** this case to the United States District Court for the Southern District of Texas, Victoria Division.

**IT IS SO ORDERED** this 13th day of April 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[7] *Jarvis Christian Coll.,* 845 F.2d at 528.